UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PHILIP LEO SANDS,

    Petitioner,

v.

RALPH DIAZ,

    Respondent.

Case No. 19-cv-07169-VKD

**ORDER TO SHOW CAUSE; DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**

Re: Dkt. No. 2

Petitioner Philip Leo Sands, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction out of San Francisco County Superior Court.[1] Mr. Sands has paid the filing fee. Dkt. No. 11.

## I. STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Federal courts have a duty to construe pro se petitions for writs of habeas corpus liberally. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

///

---

[1] This case was transferred from the Eastern District of California. Dkt. No. 6. Mr. Sands consented to magistrate judge jurisdiction. Dkt. No. 10.

## II. DISCUSSION

Before bringing this action, Mr. Sands filed a state habeas petition raising the sole claim that trial counsel was ineffective in advising him to reject the prosecution's plea offer and instead to proceed to trial. Dkt. No. 1 at 16. The state appellate court found Mr. Sands had articulated a prima facie case for relief and issued an order to show cause for further proceedings in San Francisco County Superior Court. *Id.* at 16-17. The state superior court ultimately rejected the claim on the merits and denied Mr. Sands' request for an evidentiary hearing as unnecessary. *Id.* at 70–73. Mr. Sands pursued habeas petitions in the state appellate and high courts, which both summarily denied the petition. *Id.* at 95, 97.

In the instant federal habeas action, Mr. Sands asserts that his right to due process was violated by the state court's failure to hold an evidentiary hearing before rejecting his claim. *Id.* at 7. In asserting a due process violation, Mr. Sands relies on *Townsend v. Sain*, 372 U.S. 293 (1963), which sets forth the standard for a district court to review a request for an evidentiary hearing in a federal habeas action in order to receive evidence that was not before the state courts. Accordingly, *Townsend* only applies to habeas proceedings in federal court, and does not establish a due process right to an evidentiary hearing in state court.

Rather, a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Accordingly, any procedural error in the state court, such as a failure to hold an evidentiary hearing, is not determinative of Mr. Sands's entitlement to relief in this case. Rather, the Court's task on federal habeas review is to review the reasonableness of the state court's decision in ultimately rejecting the underlying claim. *Id.* Liberally construed, the underlying claim that trial counsel rendered ineffective assistance with respect to the plea offer is cognizable under § 2254 and merits an answer from respondent Ralph Diaz.

2

Mr. Sands filed a motion requesting appointment of counsel based on his imprisonment, indigency, and being a "layman to the law." Dkt. No. 2 at 6. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *See id*. at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). An evidentiary hearing does not appear necessary at this time, and there are no exceptional circumstances to warrant appointment of counsel. Accordingly, Mr. Sands's motion for appointment of counsel, (Docket No. 2), is DENIED without prejudice to the Court's sua sponte reconsideration should the Court later find an evidentiary hearing necessary following consideration of the merits of his claims.

## III. CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk of the Court shall serve by mail a copy of this order and the petition and all attachments thereto, on Mr. Diaz and his attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Mr. Sands.

2. Mr. Diaz shall file with the court and serve on Mr. Sands, within **60 days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Mr. Diaz shall file with the answer and serve on Mr. Sands a copy of all portions of the state court trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Mr. Sands wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Mr. Diaz within **30 days** of his receipt of the answer.

3. Mr. Diaz may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Mr. Diaz files such a motion, Mr. Sands shall file with the Court and serve on Mr. Diaz an opposition or statement of non-opposition within **28 days** of receipt of the motion, and Mr. Diaz shall file with the court and serve on Mr. Sands a reply within **14 days** of receipt of any

opposition.

4. Mr. Sands has the responsibility to prosecute this case. Mr. Sands is reminded that all documents and communications with the Court must be served on Mr. Diaz by mailing a true copy of the document or communication to Mr. Diaz's counsel. Mr. Sands must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 19, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge